IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOANNA PELLEGRINO, | : |
| Plaintiff, | : |
| v. | : Civ. No. 13-848-RGA |
| KARL HINES, et al., | : |
| Defendants. | : |

Joanna Pellegrino, Pro Se Plaintiff.

**MEMORANDUM OPINION**

July 23, 2013
Wilmington, Delaware

ANDREWS, U.S. District Judge:

Plaintiff Joanna Pellegrino filed a complaint alleging violations of her constitutional rights pursuant to 42 U.S.C. § 1983. She appears *pro se* and has been granted leave to proceed *in forma pauperis* (D.I. 7). The Court proceeds to review and screen the Complaint (D.I. 2) pursuant to 28 U.S.C. § 1915(e)(2)(B).

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (in forma pauperis actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F .3d 224, 229 (3d Cir. 2008). An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke* v. *Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327-28.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Pellegrino leave to amend her Complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544

(2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the Court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The Court must accept all of the Complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11.

Second, the Court must determine whether the facts alleged in the Complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Fowler*, 578 F.3d at 211. In other words, the Complaint must do more than allege the plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

Because Pellegrino proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

2

Pellegrino was an inmate at Baylor Women's Correctional Institution in New Castle, Delaware, and on January 5, 2013 she gave birth.[1] Her infant daughter died five hours later. The funeral took place on February 27, 2013, but Pellegrino was not informed of the funeral arrangements. Pellegrino alleges that she missed her daughter's funeral even though there was sufficient time for St. Francis[2] to contact the Delaware Department of Correction and for the Department of Correction to advise her of the arrangements. Pellegrino seeks compensatory damages for her alleged emotional and mental suffering.

When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). A prisoner does not retain a liberty interest in attending a family member's funeral, and denial of such an opportunity does not impose an atypical or significant hardship on the inmate in relation to the normal incidents of prison life. *See Sandin v. Conner,* 515 U.S. 472, 484-86 (1985). Prisoners do not retain a constitutional right to attend a family member's funeral. *Reed v. Morgan,* 2009 WL 995554 (D. Del. Apr. 13, 2009). Therefore, prisoners also do not have a constitutional right to be advised of funeral scheduling.

Plaintiff seeks damages for her pain and suffering in missing the funeral. Even if she had a constitutional claim, she would be prohibited from recovering compensatory

---

[1] Pellegrino was not incarcerated at the time she initiated this lawsuit.

[2] It appears that the delivery took place at St. Francis Hospital in Wilmington, Delaware.

damages for mental or emotional injury absent allegations of physical injury. *Allah v. Al-Hafeez*, 226 F.3d 247, 251 (3d Cir. 2000); 42 U.S.C. § 1997e(e).

For the above reasons, the court concludes that Plaintiff's allegations do not rise to the level of a constitutional violation and, therefore, her complaint will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The Court finds that amendment is futile. The court will deny as moot Plaintiff's request for counsel (D.I. 4).

An appropriate order will be entered.